FILED
2019 Jul-09 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **NICORIA R. SPENCER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2-19-cv-794-MHH |
| ) | |
| **ORGANIC HARVEST,** ) | |
| **FAMILY-OWNED MARKET and** ) | |
| **CAFÉ, et al.,** ) | |
| ) | |
| Defendants. ) | |

## <u>MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT</u>

COMES NOW, Defendant Organic Harvest, Family Owner Market and Café ("OH"), and pursuant to pursuant to Fed. R. Civ. P. 12(b)(6) and 56 hereby moves this Court to dismiss the Complaint of Plaintiff Nicoria R. Spencer ("Plaintiff"). In support hereof, OH states the following:

## I.     **INTRODUCTION**

Plaintiff's Complaint [Doc. 1] and "Order" [Doc. 9] that is an alleged Amended Complaint fail to properly state a claim for which relief can be granted and fails to meet the basic pleading requirements mandated by the Federal Rules of Civil Procedure, *Iqbal*, Twombly, and their progeny. Even if Plaintiff could sustain

1

her pleading burden, the claims she has attempted to assert against OH fail as a matter of law and should be dismissed.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted when it appears that a plaintiff can prove no set of facts in support of his claim that would entitle her to relief. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III. ARGUMENT

**A. Plaintiff's Claims Against Defendant OH Should Be Dismissed In Their Entirety For Failure To Plead Facts Stating A Plausible Claim For Relief.**

Under the U.S. Supreme Court's decisions in *Twombly* and *Iqbal*, Plaintiff has failed to sufficiently plead any causes of action against Defendant OH, and all of Plaintiffs claims against OH should be dismissed. In *Twombly*, the Court explained the requirements of Rule 8(a)(2) in the context of a motion to dismiss pursuant to Rule 12(b)(6). *Twombly*, 550 U.S. at 555. Pursuant to Rule 12(b)(6), a court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed. *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (*citing Twombly*, 127 S. Ct. at 1965)). Under the "plausibility" standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court a reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Americans with Disabilities Act ("ADA") mandates that employers shall not discriminate against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Thus, a plaintiff **must prove** that she (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of her disability. *Chancey v. Fairfield Southern Co., Inc.*, 949 F. Supp. 2d 1177, 1183 (N.D. Ala. 2013) (citing *Hagood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993)).

The ADA defines a "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12112(8). In the present matter, Plaintiff cannot establish a prima facie case of disability discrimination because she cannot demonstrate that she is a "qualified individual with a disability" as required under the ADA.

Plaintiff's health condition rendered her unable to perform the essential functions of her job. OH employed Plaintiff as a cashier and stocker, with additional duties ranging from customer service to cleaning. She openly admitted in text messages sent to co-Defendant Ms. Maddox that the pain and discomfort caused by her sickle cell disease was too unbearable for her to even come into work. In fact,

she claimed in one message that the store temperature and the demands of her job would cause "excruciating pain crises" and indicated in other messages that she had to go to the hospital.[1]

OH informed Plaintiff from the beginning of their relationship of her employment responsibilities and duties, to which Plaintiff agreed. These were essential functions of her job. Once it was clear that Plaintiff could not perform these essential functions due to her condition, OH attempted to accommodate Plaintiff by allowing her a more flexible schedule (i.e., fewer days worked in a row) and even moving her to part-time so that her health could recover. Even with these accommodations, Plaintiff still canceled numerous shifts, often with little or no notice to OH. As a result, OH had difficulty finding shift replacement(s) for Plaintiff. Plaintiff's condition prevented her from being able to perform any essential functions of her job, to such as extent that she had to cancel over twenty (20) shifts during her six months at OH.

If a claimant is unable to perform the essential duties of her position, with or without an accommodation, she is not entitled to the protections of the ADA. A job function may be considered essential because the very reason the position exists is to perform that function. 29 C.F.R. § 1630.2(n)(2)(I). Physical attendance at work

---

[1] The Plaintiff failed to attached the exhibits to OH's position statement provided to the Equal Opportunity Employment Commission (the "EEOC"), even though she included the position statement as an attachment to her Complaint. For the ease of the Court, OH attaches those exhibits hereto as Appendix A.

was an essential function of a Plaintiff's job at OH.

In *Vincent v. Wells Fargo Guard Services, Inc. of Florida*, the plaintiff security guard also suffered from sickle cell disease that was "unpredictable" and, just like Plaintiff, rendered him incapacitated. 3 F. Supp. 2d 1405, 1416 (S.D. Fla. 1998).[2] The defendant employer argued that the plaintiff's condition prohibited him from performing the essential functions of his position. *Id.* at 1417. Even though there was no evidence that the plaintiff's condition prevented him from stopping a security threat, the unpredictability of sickle cell crises "cannot preclude the possibility that the unexpected will occur." *Id.* at 1418. The *Vincent* plaintiff made additional claims, not at issue in this Motion, but was determined not to be qualified for ADA protection, because he couldn't perform the essential functions of his job. *Id.* At 1416.

Plaintiff's position required her to be physically present and active at OH, whether it be checking out customers, moving inventory boxes, cleaning, or any other essential functions of her job. Plaintiff's crises caused her "excruciating" pain that prevented her from moving at all; she could not perform the essential functions of her job even with the accommodations offered by OH. Furthermore, at no point in time did Plaintiff identify or request an accommodation that would have allowed

---

[2] The parties in *Vincent* apparently conceded that sickle cell disease constituted a disability. OH does not concede that sickle cell disease is a disability covered under the ADA.

her to perform the essential functions of her job at OH. Plaintiff missed work over twenty (20) times in the span of six months. Plaintiff could not perform the essential functions of her job and cannot establish a prima facie case of disability discrimination because she is not a "qualified individual" within the meaning of the ADA. OH terminated Plaintiff's employment due to her inability to make it to her shifts, not just because of her health condition, but also her repeated absences for non-health related reasons, such as car trouble and lack of a babysitter, neither of which fall under any EEOC-covered claim.

Additionally, despite not having made any such allegations before the EEOC, Plaintiff now alleges that she was discriminated against, not because of any disability, but she "honestly feels as if this discrimination is based on race". *See* Complaint [DE #1] at p. 5. This position was not taken before the EEOC, and her claim her complaint is due to be dismissed as the Plaintiff has failed to exhaust her administrative remedies. *See Caetio v. Spirit Coach, LLC, 992 F. Supp.2d 1199, 1210 (A.L.N.D. 2014) (*stating, [w]hile a plaintiff's complaint need not mirror her earlier EEOC charge, "allegations of new acts of discrimination that are offered as the essential basis for judicial review must nonetheless be presented to the agency." citing, *Basel v. Secretary of Defense*, 507 Fed.Appx. 873, 876 (11th Cir. 2013)(additional internal citations omitted). Here the Plaintiff made no such allegation of racial discrimination in her EEOC charge, and her action is due to be

dismissed.

For the foregoing reasons, OH respectfully requests that this Court dismiss the Plaintiff's complaint against OH.

Respectfully Submitted,

/s/ *Lindan Hill*
LINDAN HILL (ASB-1924-N77H)

**OF COUNSEL:**
GORDON, DANA & GILMORE, LLC
600 University Park Place, Suite 100
Birmingham, Alabama  35209
Telephone: (205) 874-7950
Facsimile:   (205) 874-7960
lhill@gattorney.com
jgilmore@gattorney.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this has been served upon the following by United States mail, first class postage prepaid and properly addressed, by facsimile or by Electronic Filing, on this the 9th day of July, 2019.

Nicoria R. Spencer
3520 7th Ave. N., Unit 194
Bessemer, AL 35020

                                       /s/ *Lindan Hill*
                                       OF COUNSEL