UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICORIA R. SPENCER, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:19-CV-00794-MHH |
| TERESA MADDOX, and ORGANIC HARVEST, FAMILY-OWNED MARKET AND CAFE, | } |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nicoria R. Spencer filed this employment discrimination against defendants Teresa Maddox and Organic Harvest Family Owned Market and Café. (Doc. 1). Ms. Spencer has submitted an amended complaint. (Doc. 10). In her original and amended complaints, Ms. Spencer states that she suffers from sickle cell anemia. (Doc. 1, p. 5). Ms. Spencer alleges unlawful termination, failure to accommodate, and discrimination in violation the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 to 12117. (Doc. 1, p. 4). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Ms. Maddox has moved to dismiss Ms. Spencer's claims against her. (Doc. 8). For the reasons explained below, the Court grants Ms. Maddox's motion to dismiss.

1

## I. STANDARD OF REVIEW

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Pursuant to Rule 8(a)(2), a complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Generally, to survive a Rule 12(b)(6) motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), "a complaint does not need detailed factual allegations, but the allegations must be enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). "Thus, the pleading standard set forth in Federal Rule of Civil Procedure 8 evaluates the plausibility of the facts alleged, and the notice stemming from a complaint's allegations." *Keene v. Prine*, 477 Fed. Appx. 575, 583 (11th Cir. 2012). "Where those two requirements are met . . . the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Keene*, 477 Fed. Appx. at 583.

This is particularly true with respect to *pro se* complaints. Courts must liberally construe *pro se* documents. *Erickson*, 551 U.S. at 94. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Still, a district court "may not serve as de facto counsel for a party, or … rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex. rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).

## II. FACTUAL ALLEGATIONS

Viewing the allegations in the original and amended complaints in the light most favorable to Ms. Spencer, the record indicates that Organic Harvest Market hired Ms. Spencer as a full-time cashier and stocker on June 15, 2017. (Doc. 1, p. 5;

Doc. 1-2, p. 6). Ms. Maddox was Organic Harvest's operations manager. (Doc. 1, p. 5). As operations manager, Ms. Maddox made the employees' schedules. (Doc. 1-2, p. 7). One day, after Ms. Spencer could not make her scheduled shift, Ms. Spencer informed Ms. Maddox that she (Ms. Spencer) suffers from sickle cell anemia. (Doc. 1, p. 5; Doc. 1-2, pp. 5, 7). For the next several months, Ms. Spencer sporadically missed her scheduled shifts due to sickle cell anemia. (Doc. 1-2, p. 7). Ms. Maddox moved Ms. Spencer to a part-time work schedule. (Doc. 1-2, p. 7).

Ms. Spencer continued to struggle to make her scheduled shifts at Organic Harvest. (Doc. 1-2, p. 7). She alleges that "over the entire course of [her] employment [she] was harassed about [her] disability." (Doc. 1, p. 4). In January 2018, Ms. Maddox informed Ms. Spencer that Organic Harvest no longer could employ her. (Doc. 1-2, p. 7). Ms. Maddox told Ms. Spencer, "I'm not putting you back on the schedule because you're just too sick." (Doc. 1, p. 5).

Ms. Spencer filed a charge of discrimination with the Equal Employment Opportunity Commission and received her notice of right to sue letter on May 6, 2019. (Doc. 1, p. 6). Ms. Spencer then initiated this action against Organic Harvest and Ms. Maddox. (Doc. 1).

### III. DISCUSSION

In her statement of the case, Ms. Spencer states that "this is discrimination based on race and disability," (Doc. 1, p. 5), but she indicates elsewhere that she

asserts a claim under the Americans with Disabilities Act. (Doc. 1, p. 3; *see also* Doc. 1, p. 5 (checking on complaint form "disability or perceived disability" as the basis of discrimination)). In her EEOC charge of discrimination, Ms. Spencer alleged that Organic Harvest discriminated against her based on her disability. (Doc. 1-1, p. 1). Ms. Spencer has not presented a charge of discrimination with the EEOC based on racial discrimination or a right to sue letter concerning a charge of racial discrimination. (Doc. 1-1, p. 1). Therefore, Ms. Spencer may pursue an ADA action in this case but not a Title VII race discrimination claim.[1]

Ms. Maddox asks the Court to dismiss Ms. Spencer's ADA claims against her because an individual cannot be sued under the ADA. (Doc. 8, p. 3). Ms. Maddox is correct. The ADA prohibits a "covered entity" from discriminating against a "qualified individual with a disability" on account of her disability. 42 U.S.C. § 12112. "Covered entities" include employers with 15 or more employees, employment agencies, labor organizations, and joint labor-management committees. 42 U.S.C. § 12111(2). In the employment context, the Eleventh Circuit Court of Appeals has held that "the Disabilities Act does not provide for individual liability, only for employer liability." *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *see also Rylee v. Chapman*, 316 Fed. Appx. 901, 905 (11th Cir. 2009). This

---

[1] On July 23, 2019, the Court denied Organic Harvest's motion to dismiss without prejudice and provided Ms. Spencer an opportunity to file an amended complaint. (Doc. 7). Ms. Spencer did not attach to her amended complaint an EEOC right to sue letter concerning racial discrimination.

5

means Organic Harvest may be liable for acts by Ms. Maddox that violated the ADA, but Ms. Maddox is not a proper ADA defendant.

## IV. CONCLUSION

For the reasons explained above, the Court grants Ms. Maddox's motion to dismiss. (Doc. 8). The Court asks the Clerk to please mail a copy of this order to Ms. Spencer at her address of record.

**DONE** and **ORDERED** this October 21, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE